IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Criminal Action No. |
| | ) | 14-00259-05-CR-W-BP |
| WENDY L. WOLFE, | ) | |
| | ) | |
| Defendant. | ) | |

**REPORT AND RECOMMENDATION
TO ACCEPT DEFENDANT'S GUILTY PLEA**

On August 26, 2015, I held a change-of-plea hearing after this case was referred to me by United States District Court Judge Beth Phillips. I find that Defendant's plea is voluntary and therefore recommend that it be accepted.

*I. BACKGROUND*

On January 28, 2015, a superseding indictment was returned charging Defendant with one count of conspiracy to distribute heroin and methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A) and 846, four counts of distribution of heroin, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C), and criminal forfeiture pursuant to 21 U.S.C. § 853. A change-of-plea hearing was held on August 26, 2015. Defendant was present, represented by retained counsel Charles Atwell. The government was represented by Assistant United States Attorney Jess Michaelsen. The proceeding was recorded and a transcript of the hearing was filed on August 28, 2015 (Doc. No. 206).

*II. AUTHORITY OF THE COURT*

The authority of federal magistrate judges to conduct proceedings is created and defined by the Magistrates Act, 28 U.S.C. § 636. Besides certain enumerated duties, the Act provides

that a "magistrate may be assigned such additional duties as are not inconsistent with the Constitution and the laws of the United States." 28 U.S.C. § 636(b)(3).

The Eighth Circuit, following the reasoning of several other circuits, has held that magistrate judges may preside over allocutions and pleas in felony cases, so long as certain procedural safeguards are met. United States v. Torres, 258 F.3d 791, 795-96 (8th Cir. 2001); see also United States v. Dees, 125 F.3d 261 (5th Cir. 1997), United States v. Williams, 23 F.3d 629 (2d Cir. 1994). The reasoning applied by the appellate courts relies upon previous opinions by the United States Supreme Court that conducting jury *voir dire* falls within a magistrate judge's "additional duties" when the defendant has consented.  See Torres, 258 F.3d at 795 (citing Peretz v. United States, 501 U.S. 923 (1991); Gomez v. United States, 490 U.S. 858 (1989)).

In Peretz, the Supreme Court held that when a defendant consents to a magistrate judge's involvement in *voir dire*, he waives any objection based on his right to have an Article III judge hear his felony case. 501 U.S. at 936. Moreover, the availability of *de novo* review by a district judge preserves the structural guarantees of Article III. Torres, 258 F.3d at 795. Applying the Peretz holding and adopting the reasoning of Williams, the Eighth Circuit held that the acceptance of guilty pleas bears adequate relationship to duties already assigned by the Magistrates Act in that "[a]n allocution is an ordinary garden variety type of ministerial function that magistrate judges commonly perform on a regular basis." Id. (quoting Williams, 23 F.3d at 633). Plea allocutions are substantially similar to evidentiary proceedings explicitly assigned by the Act. Id. at 796 (citing Dees, 125 F.3d at 265). Even if taking a guilty plea were considered to be of greater importance than those duties already assigned, the consent of the defendant saves the delegation. Id. "Consent is the key." Id. (quoting Williams, 23 F.3d at

633).

The Torres court also addressed the implications of such a delegation for Article III's case and controversy clause. Id. Because plea proceedings are submitted to the district court for approval, the court retains ultimate control over the proceedings and is not bound to accept a plea taken by a magistrate judge. Id. Moreover, the district court's *de novo* review of the plea proceedings contributes to the ministerial nature of the magistrate judge's role. Id.

Based on the above, I find that, with the consent of the defendant, the District Court may properly refer a felony case to a Magistrate Judge for conducting a change-of-plea hearing and issuing a report and recommendation on whether the plea should be accepted.

### III. FINDINGS OF FACT

1. The parties consented to the delegation of the change of plea to the magistrate judge (Tr. at 2-3).

2. Defendant was advised of the following:

    a. That she has a right to a trial by jury of at least 12 individuals and that their verdict must be unanimous (Tr. at 5);

    b. That she has the right to assistance of counsel throughout the trial (Tr. at 5-6);

    c. That Defendant is presumed innocent, and the government has the burden of coming forward to prove Defendant's guilt beyond a reasonable doubt (Tr. at 6);

    d. That Defendant's attorney would have the opportunity to cross-examine the government's witnesses (Tr. at 6);

    e. That Defendant has the right to testify but does not have to, and that

3

the jury could not make an adverse inference from the fact that Defendant may not testify at trial (Tr. at 6-7);

  f. That Defendant has the right to subpoena witnesses to testify on her behalf (Tr. at 7); and

  g. That Defendant has the right to appeal any conviction to the Eighth Circuit Court of Appeals (Tr. at 7-8).

3. Government counsel stated that if this case were to be tried, the evidence would consist of controlled purchases of heroin that were made directly from Defendant by an undercover Kansas City, Missouri detective (Tr. at 11). The transactions occurred on August 26, 2013, August 28, 2013, September 4, 2013 and September 19, 2013, all in Kansas City, Missouri (Tr. at 11). The evidence would also consist of telephone records that connect Defendant with other co-conspirators in this case, primarily co-defendant Harris who was the heroin supplier (Tr. at 11-12). Lastly, when Defendant was arrested, she made a statement admitting her role in selling the heroin and admitting that her supplier was "E" or "Eric Harris" (Tr. at 12).

4. Defendant was placed under oath (Tr. at 12). Defendant stated that between February of 2012 and September 22, 2014, she was within the Western District of Missouri (Tr. at 12-13). She knew the individuals named in the Superseding Indictment, specifically Eric Harris (Tr. at 13). During this timeframe, Defendant had an agreement with Eric Harris and others to distribute heroin (Tr. at 13). Defendant entered into the agreement knowingly and willingly despite knowing that it was against the law (Tr. at 13). Defendant believed she was guilty of conspiring to distribute heroin (Tr. at 13-14).

5. I reviewed the plea agreement with Defendant (Tr. at 14-18). As part of the agreement, Defendant will plead guilty to a lesser included offense under Count One –

4

specifically, conspiracy to distribute heroin (Tr. at 4, 9-10). The penalty range for this lesser included offense is not more than 20 years imprisonment, a fine of not more than $1 million, not less than three years supervised release, and a $100 mandatory special assessment (Tr. at 10-11).

6. No one had made any threats or any other promises in order to get Defendant to plead guilty (Tr. at 18).

7. Defendant was satisfied with Mr. Atwell's performance (Tr. at 18-19). There is nothing Defendant asked Mr. Atwell to do that Mr. Atwell did not do (Tr. at 19). Likewise, there is nothing Mr. Atwell has done that Defendant did not want him to do (Tr. at 19).

8. Defendant is 29 years old (Tr. at 19). She has attended some college classes (Tr. at 19). Defendant has no physical or mental health concerns that would prevent her from entering an intelligent and voluntary plea of guilty (Tr. at 19). She was not under the influence of any kind of drug or alcohol (Tr. at 19-20).

9. Defendant tendered a plea of guilty to the lesser included offense of conspiracy to distribute heroin (Tr. at 21).

10. The parties waived the fourteen-day objection period to the Report and Recommendation (Tr. at 21).

## V.  ELEMENTS OF THE CHARGED OFFENSE

To sustain a conviction for conspiracy to distribute heroin, the government must prove that: (1) there was an agreement to distribute heroin; (2) the defendant knew of the agreement; and (3) the defendant intentionally joined the conspiracy. See United States v. Savatdy, 452 F.3d 974, 977 (8th Cir. 2006)(involving conspiracy to distribute methamphetamine).

## V.  CONCLUSION

Based on the above, I make the following conclusions:

1. The district court may lawfully refer this case to a magistrate judge for issuance of a report and recommendation on whether Defendant's guilty plea should be accepted.

2. Defendant has consented to having her plea taken by a magistrate judge.

3. Defendant knowingly and voluntarily pleaded guilty to conduct establishing every element of the lesser included offense under Count One of the Superseding Indictment.

Therefore, it is

RECOMMENDED that the court, after making an independent review of the record and the applicable law, enter an order accepting Defendant's guilty plea and adjudging Defendant guilty of such offense.

/s/ Robert E. Larsen
ROBERT E. LARSEN
United States Magistrate Judge

Kansas City, Missouri
August 28, 2015